UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| AMELIA BRYANT, | |
| Plaintiff, | Case No. 3:18-cv-00506 |
| v. | Judge William L. Campbell, Jr. |
| | Magistrate Judge Alistair E. Newbern |
| SOCIAL SECURITY ADMINISTRATION, | |
| Defendant. | |

To:     The Honorable William L. Campbell, Jr., District Judge

**<u>REPORT AND RECOMMENDATION</u>**

In this civil action, pro se and *in forma pauperis* Plaintiff Amelia Bryant appeals the Social Security Administration's decision to deny her disability insurance benefits. (Doc. No. 1.) The Administration has filed a motion to dismiss, arguing that Bryant's appeal is untimely. (Doc. No. 11.) The Magistrate Judge agrees and will recommend that the Administration's motion be granted and that this action be dismissed with prejudice.

**I.      Factual and Procedural Background**

Bryant filed an application for disability insurance benefits under Title II of the Social Security Act on October 1, 2013, asserting that she had been disabled since September 30, 2008. (Doc. No. 1-1.) Bryant alleges that, during the period relevant to her application, she suffered from cataracts in both eyes, Type 2 diabetes, diastolic dysfunction, ASA chronic respiratory distress syndrome, atopic rhinitis, hyperlipidemia, primary open angle glaucoma of both eyes, nuclear sclerosis, chronic sinusitis, urticaria, hypertension, hypothyroidism, and asthma. (Doc. Nos. 1, 1-1.)

In an August 2, 2016 decision, the Administrative Law Judge (ALJ) denied Bryant's application, finding that Bryant had failed to establish that she was disabled prior to her last insured date of September 30, 2008. (Doc. No. 13-1.) Specifically, the ALJ concluded that, although Bryant suffered from diabetes, hypertension, and chronic sinusitis during the relevant time period, none of those ailments had significantly limited her ability to perform basic work-related activities for twelve consecutive months so as to render Bryant disabled. (*Id.*) Bryant requested review of the ALJ's decision by the Appeals Council on September 26, 2016, and included various treatment records from 2009 through 2016. (Doc. No. 13-2.) The Appeals Council denied Bryant's request on September 27, 2017, finding that none of the evidence Bryant submitted was relevant to the ALJ's determination that she was not disabled as of September 30, 2008. (*Id.*) The Appeals Council mailed Bryant a notice of its decision, which informed her of her right to file a civil action challenging the ALJ's decision and that she had sixty days from the date she received the notice to do so. (*Id.*) The notice further stated that Bryant could "ask the Appeals Council to extend [her] time to file" if she were unable to commence a civil action within the sixty allotted days. (*Id.* at PageID# 176.)

Bryant mailed the Appeals Council a request for an extension on November 10, 2017. (Doc. No. 13-3.) She stated that she had received the Appeals Council's notice on September 30, 2017, but that she was unable to file a civil action due to medical problems with her eyes, for which she had recently received surgery. (*Id.*) The Appeals Council granted Bryant's request for an extension in a letter dated February 20, 2018, providing Bryant with an additional thirty days to file a civil action. (Doc. No. 13-4.) The letter explained that the thirty-day clock would begin when Bryant received the letter and that, unless Bryant showed otherwise, the Appeals Council would presume that Bryant received the letter five days after February 20, 2018. (*Id.*) The letter also explained

that, if Bryant had any questions, she could "call, write, or visit any Social Security office." (*Id.* at PageID# 180.)

Bryant did not file this civil action within thirty-five days of the Appeals Council's February 20, 2018 letter, as she was required to do. Bryant brought this action on May 30, 2018. (Doc. No. 1.) The Administration thus argues in its motion to dismiss that Bryant's complaint is untimely and therefore subject to dismissal. (Doc. No. 11.) In support of its motion, the Administration filed several documents, including the declaration of Janay Podraza, the Acting Chief of Court Case Preparation and Review Branch 3 of the Office of Appellate Operations; Bryant's November 10, 2017 request for an extension; and the Appeals Council's February 20, 2018 letter granting that request (Doc. Nos. 13–13-4).

Bryant did not respond to the Administration's motion, and the Court ordered her to show cause why this action should not be dismissed as untimely or due to her failure to prosecute her claims. (Doc. No. 14.) Bryant responded that she had been involved in a hit-and-run car accident in September 2018 and had been receiving medical treatment over the following four months. (Doc. No. 15.) In a subsequent order, the Court found that Bryant's response to the show-cause order was adequate given her pro se status and provided her with additional time to respond to the Administration's motion. (Doc. No. 22.) The Court also found that, because Bryant's complaint neither included nor referenced any of the documents that the Administration filed in support of its timeliness argument, Federal Rule of Civil Procedure 12(d) required that the Administration's motion to dismiss be construed as one for summary judgment under Rule 56. (*Id.*) The order provided that the Administration could file any additional evidentiary materials by May 1, 2019, that Bryant could file any response in opposition and supporting materials by May 29, 2019, and that the Administration could file a reply by June 12, 2019. (*Id.*)

The Administration filed a notice on May 1, 2019, stating that it "has no further material in support and relies on the declaration and evidence" it had already submitted. (Doc. No. 23.) Bryant responded in opposition on May 29, 2019. (Doc. No. 24.) In that filing, Bryant does not address the Administration's argument that this action was untimely filed and, instead, offers various medical records spanning from March 2018 through February 2019. (*Id.*)

## II.      Legal Standard

42 U.S.C. § 405(g) governs judicial review of any decision of the Administration to deny an individual disability insurance benefits. 42 U.S.C. § 405(g). To obtain review, a plaintiff must file a civil action "within sixty days after the mailing to [her] of notice of [the final decision of the Administration made after a hearing to which she was a party] or within such further time as the Commissioner of Social Security may allow." *Id.*; *see also* 20 C.F.R. § 404.982 (allowing the Appeals Council to extend the deadline to file a civil action in federal court upon a written showing of good cause). This requirement is not jurisdictional; instead, it serves as a statute of limitations the "dual purpose" of which is to "eliminat[e] stale claims and provid[e] 'a mechanism by which Congress [is] able to move cases to speedy resolution in a bureaucracy that processes millions of claims annually.'" *Alexander v. Comm'r of Soc. Sec.*, No. 13-11696, 2015 WL 4429521, at *2 (E.D. Mich. July 20, 2015) (quoting *Bowen v. City of New York*, 476 U.S. 467, 481 (1986)). "Courts have strictly construed the statute of limitations in Social Security appeals." *Id.* (collecting cases); *see also Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 437 (6th Cir. 2007) (holding that Social Security appeal filed one day past the § 405(g) deadline was untimely).

Consistent with Rule 12(d), the Administration's motion to dismiss will be treated as one for summary judgment under Rule 56. That rule provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether

the moving party has met its burden, a court must view the factual evidence and draw all reasonable inferences in the light most favorable to the nonmoving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Stiles ex rel. D.S. v. Grainger Cty.*, 819 F.3d 834, 848 (6th Cir. 2016). However, to preclude summary judgment, the nonmoving party must go beyond the pleadings and present specific facts demonstrating the existence of a genuine issue for trial. *Shreve v. Franklin Cty.*, 743 F.3d 126, 132 (6th Cir. 2014) (citations omitted). "A mere scintilla of evidence by the nonmoving party is insufficient to defeat summary judgment; 'there must be evidence on which the jury could reasonably find for the [nonmoving party].'" *St. Clair Marine Salvage, Inc. v. Bulgarelli*, 796 F.3d 569, 574 n.2 (6th Cir. 2015) (alteration in original) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)). If the evidence offered by the nonmoving party is "merely colorable," "not significantly probative," or not enough to lead a fair-minded jury to find for the nonmoving party, the motion for summary judgment may be granted. *Anderson*, 477 U.S. at 249–52.

## III.      Analysis

Bryant's complaint was untimely filed. The Appeals Council mailed Bryant its notice of decision on September 27, 2017, informing her that she had sixty days from the date she received the notice to file an action in federal court. After Bryant requested an extension, the Appeals Council granted her an additional thirty days in a letter dated February 20, 2018. The letter informed Bryant that she would be presumed to have received the letter five days from February 20, 2018, at which point the thirty-day clock would begin ticking. Bryant did not file this action until May 30, 2018, well after the extension that the Appeals Council granted her had expired. Bryant has not pointed to anything in the record that would create a genuine dispute of fact as to the timeliness of her complaint—her response does not address the Administration's argument and, instead, provides various medical records, the relevance of which is not clear. Bryant's

complaint is therefore time-barred. *See Ali v. Comm'r of Soc. Sec.*, No. 09-CV-12850, 2010 WL 1711110, at *2 (E.D. Mich. Apr. 28, 2010) (finding that plaintiff's Social Security appeal was untimely where it was filed after the extension granted by the Appeals Council had expired).

Construing Bryant's pro se filing liberally, her presentation of medical records may be understood as an argument that illness prevented her from timely filing this action or requesting a further extension and that equitable tolling should render her action timely. The Supreme Court has held that such tolling is "'consistent with the overall congressional purpose' of [the Social Security Act] and 'nowhere eschewed by Congress.'" *Cook*, 480 F.3d at 437 (quoting *Bowen*, 476 U.S. at 480). In determining whether it is appropriate to toll a statute of limitations, courts in the Sixth Circuit consider:

> (1) the petitioner's lack of [actual] notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Id.* (quoting *Dunlap v. United States*, 250 F.3d 1001, 1008 (6th Cir. 2001)).

Under these factors, equitable tolling is not warranted here. There is no indication that Bryant lacked either actual or constructive notice of the relevant statute of limitations. Further, the record does not support the conclusion that Bryant was diligent in pursuing her rights, or that she has a valid excuse for failing to timely file this action. Bryant has submitted a medical record from December 6, 2018, showing that beginning March 5, 2018, she was suffering from mixed hyperlipidemia and essential hypertension. (Doc. No. 24.) But that record does not explain why Bryant was unable to file this action prior to the onset of those diseases, or why she did not reach out to the Appeals Council to request a further extension. Although allowing Bryant to file an untimely complaint, considered alone, would amount to "little prejudice," "there are millions of

applicants for Social Security benefits each year, and . . . the lack of a clear filing deadline could create havoc in the system." *Cook*, 480 F.3d at 437. Because the relevant factors do not weigh in favor of equitable tolling, Bryant's complaint must be dismissed as untimely.

**IV.     Recommendation**

For the foregoing reasons, the Magistrate Judge RECOMMENDS that the Administration's motion for summary judgment (Doc. No. 11) be GRANTED and that this action be DISMISSED WITH PREJUDICE.

Any party has fourteen days after being served with this report and recommendation to file specific written objections. Failure to file specific objections within fourteen days of receipt of this report and recommendation can constitute a waiver of appeal of the matters decided. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). A party who opposes any objections that are filed may file a response within fourteen days after being served with the objections. Fed. R. Civ. P. 72(b)(2).

Entered this 18th day of June, 2019.

ALISTAIR E. NEWBERN
United States Magistrate Judge